By the Court.—

We have considered the exceptions taken to this record, and shall briefly state, in *89 the order of assignment. The reasons which lead us to conclude that this judgment ought not to be reversed.
1st error. The act of Assembly upon this subject, Iredell, page 301, does not require that the party obtaining an attachment, shall swear positively to the amount of his debt or damage. It is sufficient that he swears to the best of his knowledge and belief, and the oath taken in the present case does not substantially differ from that required by the act. Had it varied from the effective meaning of the act, it must have been considered as no oath at all, and then the Defendant might have availed himself of it by plea in abatement, and wherever an exception may be so taken, it cannot be assigned as error. The act has at once prescribed the form of proceeding, and directed the manner in which any omission shall be taken advantage of by the Defendant. If therefore, this be an error, it would be wrong to reverse a judgment long since rendered, where the Defendant might, in the first instance, have abated the writ.
2. We conceive that this irregular return is helped by the two statutes of Ieoffails, 18th Eliz. ch. 14 and 4 and 5 Ann ch. 16, the first of which provides that judgment shall not be stayed or arrested by reason of any imperfect or insufficient return of any sheriff or other officer, and by the latter act the same practice is extended to judgment by default.
3. This is altogether a collateral matter, no way essential to the gift of the action, nor in any respect connected with the regularity of the judgment, But it does not appear on the face of the record, that the Defendant in error was the Sheriff of the County *90 when this order was made, and presumption, if made at all, should be rather to support than destroy a judgment. The order itself likewise is merely surplusage. It is directory on the Sheriff to do that which the law has already enjoined upon him, for it may fairly be interpreted, that he either keep the goods in his custody, or deliver them upon being replevied. Let this exception, however, have its greatest force, and we think it comes completely within the spirit and meaning of the statutes of the 16th and 17th Car. 2d ch. and 4 and 5 Ann ch. 16.
4. This should have been pleaded in abatement.
5. Admitting that this appeared upon the record,
which it does not, yet it is to be considered that the jurors are appointed by the Court, and the Sheriff possesses no other power than merely as a minister to summon them to attend. Even in England, where the mode of appointing juries is extremely different, this objection could only form a cause of challenge to the array, and if omitted to be so taken, could not be assigned for error. Challenges might also have been made on the same ground, had the inquest been formed of talesmen; but to presume that they were so formed, would be to make an error where none appears.
6. The return is certainly informal, but is cured by the statutes before referred to.
7. If there be any weight in this objection, as applied to original attachments, we think that under the circumstances of this case, it cannot be taken advantage of in error.